United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Anthony Parks, Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 21-21201-Civ-Scola |
| | ) |
| FIUS Distributors LLC and Clifton Levin, Defendants. | ) |

## Order Granting Motion to Dismiss

This matter is before the Court upon the Defendants FIUS Distributors LLC and Clifton Levin's motion to dismiss (ECF No. 3.) For the reasons below, the motion is **granted**. **(ECF No. 3.)**

This case involves the removal of a state court action related to a breach of warranty for massage chairs purchased by the Plaintiff Anthony Parks. (ECF No. 1 at 3.) In 2008, the Plaintiff initiated an action in the County Court of the Eleventh Judicial Circuit in and for Miami-Dade County under case number 2008-009236-SP-05, which culminated in the entry of a judgment in favor of Defendants and against the Plaintiff. (*Id.* at 4.) On March 29, 2021, the Plaintiff removed the state court action to this division. Essentially, the Plaintiff requests that the Court vacate the state court judgment against him and order the parties to conduct discovery or allow the case to remain in federal court. (*Id.* at 8-9.) The Defendants filed the subject motion to dismiss arguing that the Plaintiff had improperly removed the case to avoid paying the judgment against him. (ECF No. 3.)

It is axiomatic that federal courts are courts of limited jurisdiction. *Russell Corp. v. American Home Assur. Co.,* 264 F.3d 1040, 1050 (11th Cir.2001). A federal district court may exercise subject matter jurisdiction over a civil action in which only state law claims are alleged if the civil action arises under the federal court's diversity jurisdiction. 28 U.S.C. § 1332(a)(1). Jurisdiction based on diversity of citizenship exists in civil actions where the amount in controversy exceeds $75,000 and the action is between "citizens of different States." 28 U.S.C. § 1332(a)(1). "Title 28 U.S.C. § 1446 authorizes removal only by defendants and … [p]laintiffs cannot remove." *Ballard's Svc. Ctr., Inc. v. Transue,* 865 F.2d 447, 449 (1st Cir.1989); *Untracht v. Fikri,* 454 F.Supp.2d 289, 328 (W.D.Pa.2006) ("Removal by a plaintiff is not permitted because the plaintiff had the original choice of forum"). Removal jurisdiction is construed narrowly with all doubts resolved in favor of remand. *See Pacheco de Perez v. AT & T Co.,* 139 F.3d 1368, 1373 (11th Cir.1998). The removing party

has the burden of demonstrating the propriety of removal. *Diaz v. Shepard,* 85 F.3d 1502, 1505 (11th Cir.1996).

In light of the foregoing principles, the Plaintiff's claims can be dismissed on several grounds. First the attached complaint does not state sufficient facts to establish jurisdiction. Second, a plaintiff cannot remove a case to federal court. *Maldonado v. Evans*, No. 14-80288-CIV, 2014 WL 1600328, at *2 (S.D. Fla. Apr. 21, 2014) (Marra, J.) (citing *Ballard's*, 865 F. 2d at 449.). Only a defendant can remove a state court case. *Id.* Third, litigating a case on the merits waives the right to remove a state court action to federal court. *Yusefzadeh v. Nelson, Mullins, Riley & Scarborough, LLP,* 365 F.3d 1244, 1246 (11th Cir.2004). Here, the parties filed motions in state court, a judgment was entered against the Plaintiff, and the state court dismissed the Plaintiff's motion to vacate that judgment. *Id.* Lastly, 28 U.S.C. § 1446(b) requires that removal of an action be filed within 30 days after receipt by the defendant of the initial pleading. *Bailey v. Janssen Pharm., Inc.,* 536 F.3d 1202, 1204–05 (11th Cir.2008). Thus, even if the Plaintiff was able to remove a case to federal court, he did not do so in a timely fashion.

Accordingly, the Court **grants** the Defendants' motion to dismiss (**ECF No. 3)** and directs the Clerk of the Court to **close** this case. The Clerk of the Court shall send a copy of this order to the pro se Plaintiff at the email and mailing addresses below.

**Done and ordered** in Miami, Florida, on April 29, 2021.

Robert N. Scola, Jr.
United States District Judge

Copies furnished to:
Anthony Parks
130 W. Pleasant Avenue, #327
Maywood, NJ 07607
Aston771@gmail.com